COMMONWEALTH of Pennsylvania,
Appellee,

v.

Henry H. TOWNLEY, Sr., Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 14, 1998.

Filed Dec. 29, 1998.

Frank C. Sluzis, Shenandoah, for appellant.

Robert P. Frantz, Asst. District Atty., Pottsville, for Com., appellee.

Before EAKIN, LALLY–GREEN and TAMILIA, JJ.

EAKIN, J.

Henry Townley appeals from the order denying his motion to dismiss. We affirm.

On April 23, 1997, appellant was arrested and charged with simple assault and harassment. Following a preliminary hearing, appellant was found guilty of summary harassment; the simple assault charge was bound over for trial. Appellant filed a motion to dismiss the misdemeanor on grounds of double jeopardy. The trial court denied his motion and appellant filed this appeal raising the following issue:

I. Whether charge of summary harassment is a lesser included offense and/or has the same elements of the charge of simple assault?

Our scope of review is well established:

An appeal grounded in double jeopardy raises a question of constitutional law. This court's scope of review in making a determination on a question of law is, as always, plenary.

*Commonwealth v. Mattis*, 454 Pa.Super. 605, 686 A.2d 408, 410 (Pa.Super.1996) (citations omitted).

In determining whether a prosecution is barred by double jeopardy, we apply the "same elements" test set forth in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Under that test, if prosecution of each offense requires proof of an element the other does not, the offenses are separate and double jeopardy

does not apply. However, if the offenses have identical elements, or if one offense is a lesser included offense of the other, the second prosecution is barred. *Commonwealth v. Yerby*, 544 Pa. 578, 679 A.2d 217, 219 (Pa.1996) (citing *Blockburger, supra*, at 304, 52 S.Ct. at 182, 76 L.Ed. at 309).

■ A comparison of the crimes of harassment and simple assault shows the elements are not the same. Each offense requires proof of an element the other does not. The relevant section of simple assault requires proof of an attempt to cause bodily injury, or the intentional, knowing, or reckless causing of bodily injury to another. 18 Pa.C.S. § 2701(a)(1). Summary harassment is defined as follows:

> A person commits the crime of harassment when, with the intent to harass, annoy or alarm another person
>
> (1) he strikes, shoves, kicks or otherwise subjects him to physical contact, or attempts or threatens to do the same; or
>
> \*   \*   \*   \*   \*   \*
>
> (3) he engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose.

18 Pa.C.S. §2709 (a)(1) and (3).

The differences are apparent. To establish harassment, there must be proof the accused acted with an intent to harass, annoy, or alarm another person. This unique element of intent is not required for simple assault. To prove simple assault, an intentional or reckless effort to cause bodily injury must be shown. Bodily injury is not a part of harassment. These crimes have distinct mental elements, and distinct types of harm are addressed. As harassment and simple assault require proof of different elements, under the *Blockburger* test there is no double jeopardy.

Order affirmed.