J-S34039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RUSSELL PHILIP GIBSON | : | |
| | : | |
| Appellant | : | No. 119 WDA 2019 |

Appeal from the Judgment of Sentence Entered December 4, 2018
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0001141-2017

BEFORE: DUBOW, J., McLAUGHLIN, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.: **FILED AUGUST 6, 2019**

Appellant, Russell Philip Gibson, appeals from the judgment of sentence imposed for his conviction of harassment following a joint jury/bench trial. For the reasons set forth below, we affirm in part and vacate in part.

This case arises out of an argument and altercation between Appellant and his girlfriend, Dawn Hannold, on December 7, 2017. Appellant was charged with terroristic threats, simple assault, and harassment.[1] On October 19, 2018, the case proceeded to trial, with the terroristic threats and simple assault charges tried to a jury and the harassment charge, a summary offense, tried to the trial judge.

---

[1] 18 Pa.C.S. §§ 2706(a)(1), 2701(a)(1), and 2709(a)(1).

\* Retired Senior Judge assigned to the Superior Court.

Both Hannold and Appellant testified at trial that they had been drinking beer and got into an argument when Hannold became upset over a phone call that Appellant received from a girl and took Appellant's cell phone. Both Hannold and Appellant also testified that Appellant took his phone back and that Hannold packed up her belongings and left Appellant's trailer with the dog that they jointly owned. Hannold testified that Appellant struck her on the back with a dog leash two or three times and told her as she was leaving that if "[y]ou take my dog, I'm going to smash your head in." N.T. Trial at 37-39. Appellant testified that Hannold pushed him and that he pushed her back and told her "to get the hell out," and denied that he hit Hannold with a dog leash. *Id.* at 77-85.

The jury acquitted Appellant of the terroristic threats and simple assault charges. N.T. Trial at 123-24. Immediately following the jury verdict, the trial court found Appellant guilty of harassment. *Id.* at 124. On December 4, 2018, the trial court sentenced Appellant to 90 days' probation for the harassment conviction. N.T. Sentencing at 10; Sentencing Order at 1. In this sentence, the trial court imposed as conditions of Appellant's probation that he have no contact with Hannold and refrain from the consumption of alcoholic beverages and also required that Appellant "shall remove any excess scrap, garbage and other debris from his property … such that the property shall meet the conditions of all Sandy Township Code requirements." N.T. Sentencing at 10-11; Sentencing Order at 1-2. This latter condition was

imposed based on a township code violation of which the trial court had found Appellant guilty in a separate, unrelated proceeding. N.T. Sentencing at 5-9. Appellant's counsel objected to imposition of this condition at the sentencing. *Id.* at 4-5. This timely appeal followed. The trial court stayed Appellant's sentence pending the appeal.

In this appeal, Appellant presents the following issues for our review:

I. Whether the [trial court] finding the Defendant guilty on the charge of Harassment (S) was against the sufficiency of the testimony and evidence presented at his trial held on October 19, 2018 when the jury acquitted the Appellant of charges of Terroristic Threats (M1) and Simple Assault (M2).

II. Whether the inclusion of the requirement that the Appellant "remove any excess scrap garbage and other debris from his property" in trial court's sentence of December 4, 2018 for Harassment (S) was an abuse of discretion as there was no evidence offered at trial regarding the condition of the Appellant's property, nor was the condition of the Appellant's property in any way related to the charges in the above captioned case.

Appellant's Brief at 6.

Our standard of review on a challenge to the sufficiency of the evidence is well-settled:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder.

*Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa. Super. 2014) (quoting *Commonwealth v. Estepp*, 17 A.3d 939 (Pa. Super. 2011)). A person is guilty of the crime of harassment if that person, "with intent to harass, annoy

or alarm another, ... strikes, shoves, kicks or otherwise subjects the other person to physical contact or threatens to do the same." 18 Pa.C.S. § 2709(a)(1). The evidence at trial was sufficient to prove all of these elements, as Hannold testified that Appellant struck her with a dog leash several times in a heated argument and the trial court found that testimony credible. N.T. Trial at 37-389; Trial Court Opinion at 3-5. Indeed, Appellant admitted that he shoved Hannold several times in their argument after she initiated the shoving match. N.T. Trial at 77-85.

Appellant argues that the jury's verdict acquitting him of terroristic threats and simple assault barred the trial court from finding that Hannold was credible and that the Commonwealth proved the elements of harassment. This argument fails for two reasons. First, where, as here, a single jury/bench trial is conducted and the defendant is not subjected to a subsequent trial following an acquittal, the trial court is not bound by the jury's credibility determinations and may make findings different from and inconsistent with the jury's findings. *Commonwealth v. McNeal*, 120 A.3d 313, 327-28 (Pa. Super. 2015); *Commonwealth v. Wharton*, 594 A.2d 696, 699 (Pa. Super. 1991); *Commonwealth v. Yachymiak*, 505 A.2d 1024, 1027 (Pa. Super. 1986). *Compare Commonwealth v. States*, 938 A.2d 1016, 1021-27 (Pa. 2007) (where summary offense acquittal necessarily decided issue, subsequent jury trial on charges inconsistent with that acquittal was barred).

Second, the jury's verdict is not inconsistent with proof of the elements of harassment. The acquittals do not require the conclusion that the jury rejected Hannold's testimony that Appellant hit her with the leash. A jury may believe all, some, or none of a witness's testimony, and the fact that an acquittal shows the jury did not believe part of a witness's testimony does not show that it disbelieved everything to which the witness testified. **Commonwealth v. Barger**, 956 A.2d 458, 464 (Pa. Super. 2008) (*en banc*) (jury acquittal of sexual assault and terroristic threat charges was not inconsistent with trial court finding that defendant was guilty of harassment because jury could have believed victim's testimony that defendant slapped her but not believed her testimony that he sexually assaulted and threatened her).

The charge of terroristic threats required proof that Appellant communicated a threat to commit a crime of violence with intent to terrorize Hannold. 18 Pa.C.S. § 2706(a)(1). The simple assault charge required proof that Appellant caused or attempted to cause bodily injury to Hannold. 18 Pa.C.S. § 2701(a)(1). Bodily injury is defined by the Crimes Code as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301. The jury could well have based its acquittal on the conclusion that Appellant did not threaten Hannold and that although he hit her with the leash, her claims of pain were exaggerated and he neither caused nor attempted to cause injury or substantial pain. Such a determination is not inconsistent with

finding Appellant guilty of harassment, as harassment requires proof only of "intent to harass, annoy or alarm," not proof of any threat, injury, or infliction of pain or of any intent to inflict injury or substantial pain. 18 Pa.C.S. § 2709(a)(1); *Commonwealth v. Williams*, 166 A.3d 460, 464 (Pa. Super. 2017); *Commonwealth v. Townley*, 722 A.2d 1098, 1099 (Pa. Super. 1998).

In his second issue, Appellant contends that the condition of his probation that he bring his property into compliance with an unrelated ordinance is not a condition authorized under Section 9754 of the Sentencing Code. Appellant's Brief at 16-17. This constitutes a challenge to the legality of the trial court's sentence and is a question of law subject to this Court's plenary review. *Commonwealth v. Hall*, 80 A.3d 1204, 1211 (Pa. 2013); *Commonwealth v. Pi Delta Psi, Inc.*, ___ A.3d ___, ___ 2019 PA Super 167, *24 (No. 458 EDA 2018, filed May 23, 2019); *Commonwealth v. Rivera*, 95 A.3d 913, 915 (Pa. Super. 2014).

Section 9754 of the Sentencing Code provides that in imposing a sentence of probation "[t]he court shall attach such of the reasonable conditions authorized by subsection (c) of this section as it deems necessary to insure or assist the defendant in leading a law-abiding life." 42 Pa.C.S. § 9754(b). Subsection (c) of the statute states:

The court may as a condition of its order require the defendant:

(1) To meet his family responsibilities.

(2) To devote himself to a specific occupation or employment.

(2.1) To participate in a public or nonprofit community service program unless the defendant was convicted of murder, rape, aggravated assault, arson, theft by extortion, terroristic threats, robbery or kidnapping.

(3) To undergo available medical or psychiatric treatment and to enter and remain in a specified institution, when required for that purpose.

(4) To pursue a prescribed secular course of study or vocational training.

(5) To attend or reside in a facility established for the instruction, recreation, or residence of persons on probation.

(6) To refrain from frequenting unlawful or disreputable places or consorting with disreputable persons.

(7) To have in his possession no firearm or other dangerous weapon unless granted written permission.

(8) To make restitution of the fruits of his crime or to make reparations, in an amount he can afford to pay, for the loss or damage caused thereby.

(9) To remain within the jurisdiction of the court and to notify the court or the probation officer of any change in his address or his employment.

(10) To report as directed to the court or the probation officer and to permit the probation officer to visit his home.

(11) To pay such fine as has been imposed.

(12) To participate in drug or alcohol treatment programs.

(13) To satisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience.

(14) To remain within the premises of his residence during the hours designated by the court.

42 Pa.C.S. § 9754(c).

None of the specific types of conditions listed in Subsection 9754(c) provides that the defendant may be compelled to maintain his property in compliance with local ordinances or cure or abate conditions on property that he owns. The only possible authority for the probation condition at issue here is therefore Subsection (c)(13), authorizing "any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience." 42 Pa.C.S. § 9754(c)(13). We conclude that this provision does not authorize the trial court's imposition in this case of a condition that Appellant remove excess scrap, garbage, and debris from his property and bring the property in compliance with all township code requirements.

Subsection 9754(c)(13) authorizes conditions that bear some reasonable relationship to the conduct or crime of which the defendant has been found guilty or to preventing or remedying such conduct, not the imposition of conditions not authorized by the other provisions of Subsection 9754(c) that have no connection whatsoever to the defendant's crime or to any conduct involved or connected to that crime. *See Pi Delta Psi*, ___ A.3d at ___ 2019 PA Super 167, *29 (total exclusion from state encompassing activities unconnected with the hazing incident of which defendant was convicted was not authorized by Subsection 9754(c)(13)); *Commonwealth v. Kinnan*, 71 A.3d 983, 988 (Pa. Super. 2013) (restitution not authorized

under Subsection 9754(c)(13) where victim suffered no loss from defendant's crime); ***Commonwealth v. Houtz***, 982 A.2d 537, 539–41 (Pa. Super. 2009) (setting aside condition of probation prohibiting computer and internet use where there was no evidence that defendant's crime involved any computer or internet use).

Here, the condition concerning Appellant's property requiring removal of debris and satisfaction of local township code requirements is devoid of any connection at all to the crime and conduct of which Appellant was convicted in this case, harassment in an altercation with his girlfriend that had nothing to do with the condition of the property. Instead, the trial court imposed this condition to remedy a violation that it found in a separate and unrelated township code appeal. N.T. Sentencing at 5-10. None of the cases relied on by the trial court or the Commonwealth hold that conditions completely unconnected to the conviction at issue may be imposed under Subsection 9754(c)(13). Rather, the conditions upheld in those cases were all related to the defendant's crime for which the probation was imposed. ***See Commonwealth v. Harner***, 617 A.2d 702, 703, 706-07 (Pa. 1992) (condition of probation ordering defendant convicted of interference with custody to reimburse aggrieved parent for his expenses locating and obtaining return of children was within trial court's authority under Section 9754); ***Commonwealth v. Walton***, 397 A.2d 1179, 1180-81, 1185 (Pa. 1979) (upholding order that defendant as a condition of probation to pay $25 per

week to the seriously and permanently injured victim of the aggravated assault of which defendant was convicted); ***Commonwealth v. Fullin***, 892 A.2d 843, 853-54 (Pa. Super. 2006) (condition prohibiting defendant from operating motor vehicle upheld because defendant's conviction arose out of automobile accident); ***Commonwealth v. Koren***, 646 A.2d 1205, 1209-10 (Pa. Super. 1994) (where defendant was convicted of hindering apprehension of a fugitive, condition prohibiting defendant from contact with the individual whose apprehension she hindered was permissible).[2]

The Commonwealth argues and the trial court reasoned in its opinion that the condition concerning Appellant's property is permissible because it is no different than a community service requirement. We do not agree. Imposition of community service as a condition of probation is specifically authorized by Section 9754 of the Sentencing Code without regard to whether the community service has any connection to the defendant's crime. 42 Pa.C.S. § 9754(c)(2.1). Requiring a defendant to clean up or maintain his property is not specifically authorized by Section 9754 as a condition of probation and is therefore dependent for its validity on Subsection 9754(c)(13) and the existence of some connection to the crime at issue. Moreover, the trial court's condition is significantly different from a community

_____

[2] In ***Hall***, also cited by the trial court and the Commonwealth, the condition, imposition of an obligation to provide child support to the victim's children, was vacated as beyond the trial court's authority. 80 A.3d at 1216-18.

- 10 -

service requirement, as it did not merely require that Appellant work a set number of hours on cleaning up the property, but required that he achieve a prescribed result, "that the property shall meet the conditions of all Sandy Township Code requirements." N.T. Sentencing at 11; Sentencing Order at 2.

For the foregoing reasons, we reject Appellant's challenge to his harassment conviction, but vacate the trial court's condition of his probation sentence requiring Appellant to remove scrap, garbage, and other debris from his property and to meet the conditions of township code requirements with respect to his property. Because the vacating of this condition might affect the trial court's sentencing scheme, we remand this case to the trial court for resentencing, at which the trial court is free to impose conditions on Appellant's probation that are specifically authorized by Section 9754 of the Sentencing Code or are sufficiently connected to the conviction in this case to be within the trial court's authority under Subsection 9754(c)(13) of the Sentencing Code. *See Rivera*, 95 A.3d at 918.

Judgment of sentence requiring Appellant to remove scrap, garbage and other debris from his property and bring his property into compliance with all Sandy Township Code requirements is vacated. Judgment of sentence in all other respects is affirmed. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/6/2019