J-S22002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: T.A.T.-P., A MINOR | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: T.A.T.-P. | : : : : : : | |
| | : | No. 1816 MDA 2019 |

Appeal from the Dispositional Order Entered October 15, 2019
In the Court of Common Pleas of Berks County Juvenile Division at
No(s):  CP-06-JV-0000382-2019

BEFORE:   OLSON, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 02, 2020**

Appellant, T.A.T.-P., a juvenile, appeals from the October 15, 2019 dispositional order[1] finding him in need of treatment, supervision, or rehabilitation and adjudicating him delinquent of simple assault and harassment – subject other to physical contact.[2]  As disposition, the juvenile

---

[*] Retired Senior Judge assigned to the Superior Court.

[1]  Appellant's notice of appeal states that he is appealing the "Adjudicatory/Dispositional Hearing Order entered September 24, 2019, [("hearing order")] . . . as evidenced by the attached copies."  This hearing order, which was dated September 24, 2019 but filed on October 4, 2019, is an interlocutory order because it did not adjudicate Appellant delinquent and impose disposition in the matter, as discussed more fully, *infra*, and is not a final appealable order.  ***In Interest of P.S.***, 158 A.3d 643, 649 (Pa. Super. 2017), *appeal denied*, 174 A.3d 1029 (Pa. 2017); ***see also*** Pa.R.A.P. 341.  A review of the attachment to the notice of appeal reveals, however, that Appellant's intent is to appeal the October 15, 2019 dispositional order, which is a final appealable order.  ***P.S.***, 158 A.3d at 649.

[2]  18 Pa.C.S.A. §§ 2701(a)(1) and 2709(a)(1), respectively.

court ordered Appellant to perform 20 hours of community service or pay a

$145 fine in *lieu* of service hours. We affirm.

The juvenile court set forth the factual history as follows:

On April 4, 2019[,] at approximately 3:20 [p.m.], [Appellant] was riding his bicycle at or near the corner of North 12th and Walnut Streets in the City of Reading, Berks County[,] Pennsylvania. This was the normal time []for school dismissal at the Reading Intermediate High School[]. During dismissal, the protocol [is] for North 12th Street to remain temporarily closed, allowing only buses to enter the street in order to ensure an efficient and safe dismissal. No other traffic is allowed [to drive on] North 12th Street until dismissal is complete.

On the above date and time, [Appellant] had been riding his bicycle in the intersection of North 12th and Walnut [Streets]. Cars and buses were navigating the area while [Appellant] was in the middle of the [intersection]. [Appellant] then left the intersection and attempted to gain access to North 12th Street on his bicycle. Officer Charles Menges of the City of Reading Police Department stopped [Appellant] and told him he could not enter the area. [Appellant] told Officer Menges that he could[ not] tell him what to do, to which Officer Menges again told [Appellant] he was not allowed in the area. [Appellant] failed to heed the instructions of Officer Menges and attempted to pass the officer. Upon attempting to pass Officer Menges, the officer grabbed the handlebars of [Appellant's] bicycle. [Appellant] physically pushed Officer Menges, which caused the officer to fall to the ground. The fall resulted in scratches and scrapes to the officer's right leg and right forearm.

[Appellant] attempted to continue down North 12th Street. In response, and while still on the ground, Officer Menges grabbed the rear tire of [Appellant's] bicycle in an attempt to stop [Appellant]. Almost immediately[,] other individuals, including Criminal Investigator Ryan Crampsie of the [City of ]Reading Police Department, came to the aid of Officer Menges and ultimately took [Appellant] into custody. [Appellant] was eventually released into the custody of his father, who was called to the scene.

Juvenile Court Opinion, 1/23/20, at 2-3.[3]

On June 19, 2019, the Commonwealth filed a delinquency petition against Appellant charging him with the aforementioned delinquent acts, as well as disorderly conduct, recklessly endangering another person, and obedience to authorized persons directing traffic.[4] The juvenile court conducted a hearing on September 24, 2019. Upon finding that Appellant committed the delinquent acts of simple assault, harassment, and obedience to authorized persons directing traffic, the juvenile court deferred its determination regarding whether Appellant needed treatment, supervision, or rehabilitation and deferred its determination concerning whether to adjudicate Appellant delinquent.[5] Juvenile Court Adjudicatory/Dispositional Hearing Order, 10/4/19.

On October 15, 2019, the juvenile court conducted an adjudication and dispositional hearing.[6] At the hearing, the juvenile court adjudicated Appellant

---

[3] For clarity, we have assigned page numbers to the unnumbered Juvenile Court Opinion.

[4] 18 Pa.C.S.A. §§ 5503(a)(4), 2705, and 3102(1), respectively.

[5] The juvenile court dismissed the delinquent acts of disorderly conduct and recklessly endangering another person, finding the Commonwealth failed to prove the offenses beyond a reasonable doubt. N.T., 9/24/19, at unnumbered page 3.

[6] A review of the notes of testimony demonstrates that the October 15, 2019 dispositional hearing was held, primarily, to adjudicate Appellant delinquent of fleeing or attempting to elude a police officer and to order disposition at

delinquent on the "previous charge of simple assault" and found Appellant was "in need of treatment, rehabilitation, and supervision on that charge." N.T., 10/15/19, at 4. At the conclusion of the hearing, the juvenile court entered an Adjudicatory/Dispositional Hearing Order finding that Appellant was in need of treatment, supervision, or rehabilitation and adjudicating Appellant delinquent. As disposition, the juvenile court ordered Appellant, *inter alia*, to perform 20 hours of community service or, in *lieu* of performing community service, pay a $145 fine. Juvenile Court Dispositional Order, 10/15/19.[7] Appellant did not file a post-dispositional motion. This appeal followed.[8]

Appellant raises the following issues for our review:

1. Whether the Commonwealth failed to present sufficient evidence to support an adjudication of delinquen[cy] on the charge of [s]imple [a]ssault, specifically, that [Officer Menges] suffered bodily injury and that []Appellant attempted to or intentionally, knowingly or recklessly caused said bodily injury[?]

2. Whether the Commonwealth failed to present sufficient evidence to support an adjudication of delinquen[cy] on the charge of [h]arassment, specifically, that the Appellant came into physical contact with Officer Menges with the intent to harass, annoy or alarm him[?]

---

juvenile docket number CP-06-JV-393-2019, which is unrelated to the instant case. N.T., 10/15/19, at 3-4; *see also* 75 Pa.C.S.A. § 3733(a).

[7] The juvenile court docket reveals that the dispositional order was filed on October 15, 2019. The dispositional order, however, was timestamped November 1, 2019. For purposes of this appeal, the dispositional order is deemed filed as of the date shown on the juvenile docket, that is to say, October 15, 2019.

[8] Both Appellant and the juvenile court complied with Pa.R.A.P. 1925.

Appellant's Brief at 5.

Our standard of review when examining a challenge to the sufficiency of the evidence supporting an adjudication of delinquency is well settled.

> When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof beyond a reasonable doubt. When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth. In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence.
>
> The facts and circumstances established by the Commonwealth need not be absolutely incompatible with a [juvenile's] innocence. Questions of doubt are for the hearing judge, [as finder-of-fact,] unless the evidence is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth. The finder[-]of[-]fact is free to believe some, all, or none of the evidence presented.

*P.S.*, 158 A.3d at 650.

In his first issue, Appellant argues there was insufficient evidence to support his delinquency adjudication for simple assault because the Commonwealth failed to prove Officer Menges suffered bodily injury and that

- 5 -

Appellant intentionally, knowingly, or recklessly caused a bodily injury to Officer Menges.[9]  Appellant's Brief at 11-15.

Simple assault is defined, in pertinent part, as follows:

### § 2701. Simple assault

**(a) Offense defined.--** Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:

(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]

18 Pa.C.S.A. § 2701(a).  The term "bodily injury" is defined as "[i]mpairment of physical condition or substantial pain."  *Id.* at § 2301.

A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct.  The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

*Id.* at § 302(b)(3).

---

[9] In his Rule 1925(b) statement, Appellant contends there was insufficient evidence to prove he "intended to cause serious bodily injury and committed an act which constituted a substantial step in furtherance thereof[.]" Appellant's Concise Statement of Errors Complained of on Appeal, 1/9/20. Serious bodily injury is not a necessary element for a conviction of simple assault under 18 Pa.C.S.A. § 2701(a)(1), for which Appellant was adjudicated delinquent.  As such, we need not address any claim alleging that the evidence was insufficient to prove serious bodily injury.

Here, in finding sufficient evidence to prove Officer Menges suffered bodily injury and Appellant intentionally or recklessly caused the injury, the juvenile court stated,

> [Appellant] attempted to get past Officer Menges. [Appellant] went to the right of Officer Menges and the officer grabbed onto [Appellant's bicycle] to keep him from [riding on] the sidewalk. At that point, [Appellant] pushed Officer Menges "away from his bike" which caused Officer Menges to lose his balance and fall. The bicycle was still in the upright position[,] and [Appellant] was still attempting to proceed down North 12th Street. Officer Menges immediately grabbed the rear tire of [Appellant's bicycle] to prevent him from going any further. At that point, several other officers came over and detained [Appellant].
>
> Officer Menges testified that he had fallen on his front side and that he "scuffed up [his] right knee pretty badly." Commonwealth Exhibit 1 was identified and admitted into evidence. This exhibit contained pictures of injuries sustained by Officer Menges to his right knee and his right forearm. The exhibit shows a noticeable tear in the pants of Officer Menges'[s] right knee area, together with notable scratches and scrapes. Officer Menges went to City Hall, washed off the area and put a bandage on it.

Juvenile Court Opinion, 1/23/20, at 6 (record citation omitted).

Appellant argues that Officer Menges "testified he tripped over something and fell into the curb area." Appellant's Brief at 15. "[Officer Menges] did not testify that it was the push that caused him to fall but[,] rather[,] the fact that he lost his balance." *Id.* Appellant contends that "Officer Menges's knee was only slightly wounded," and the injury did not require immediate medical attention or interfere with Officer Mendes's duties at the school. *Id.* at 14.

The record demonstrates that after Officer Menges told Appellant he was prohibited from riding his bicycle on the restricted roadway or sidewalk adjacent to the Reading Intermediate High School, Appellant attempted to maneuver his bicycle around Officer Menges. N.T., 9/24/19, at 14. Officer Menges grabbed onto Appellant's bicycle to stop his attempt to go around the officer. *Id.* at 14. Appellant, using a single hand, shoved Officer Menges away from his bicycle by exerting force on the officer in the area of the officer's shoulder and arm. *Id.* at 14-16. After Appellant shoved Officer Menges, the officer "fell into the curb area[,]" tripping over something and losing his balance, before sustaining his injury.[10] *Id.* at 16. Officer Menges sustained a tear in the knee area of his right pant leg, a "scuffed up []right knee" that was "pretty bad[]", and some scratches on his right forearm as a result of his fall. *Id.* at 16-18. After sustaining the injury, Officer Menges went into the high school and cleaned his leg and knee area before returning to the scene of the incident. *Id.* at 17, 20. After returning to the scene of the incident, Officer Menges placed Appellant in his patrol car until Appellant's father arrived and Appellant was released. *Id.* at 20-21. Officer Menges put a bandage on his knee once he returned to City Hall. *Id.* at 17.

---

[10] The Commonwealth contends that Appellant "shoved [Officer Menges] with such force that he moved several feet." Commonwealth's Brief at 9 (record citation omitted). We find no record support for this contention. We do find support, however, that the amount of force Appellant exerted was substantial enough for Officer Menges to lose his balance. N.T., 9/24/19, at 24.

In considering the totality of the circumstances, the juvenile court, as fact-finder, could infer, beyond a reasonable doubt, that Appellant recklessly caused bodily injury to Officer Menges. The evidence demonstrates that Appellant shoved Officer Menges in his shoulder and arm area in an attempt to release Officer Menges's hold on his bicycle. As result of Appellant's reckless conduct, Officer Menges fell and injured his right knee and right forearm. Appellant acted in conscious disregard for the substantial risk that shoving Officer Menges would result in injury. The evidence of the injuries to Officer Menges's knee and arm, which required cleaning and bandaging, is sufficient evidence of bodily injury, and the Commonwealth is not required to show that the harm caused required medical treatment or, as a result of such harm, the officer missed work. *Commonwealth v. Richardson*, 636 A.2d 1195, 1196 (Pa. Super. 1994). It was foreseeable that as a result of Appellant's shoving Officer Menges, the officer could lose his balance, fall to the ground, and sustain injury. The fact that Officer Menges sustained injury to his right knee and right forearm after Appellant shoved him in his shoulder and arm area does not preclude an adjudication of delinquency for simple assault. *Id.* (finding evidence that appellant punched officer in the face, breaking his glasses, and the officer suffered subsequent pain in his jaw was sufficient to sustain conviction of simple assault). Although Appellant's motivation for shoving Officer Menges may have been to release the officer's restraint on his bicycle in order that Appellant could leave the area, Appellant's motivation does not negate the fact that his conduct was intentional or in

reckless disregard of causing injury to the officer. Therefore, in viewing all of the evidence and the inferences drawn from that evidence in the light most favorable to the Commonwealth, there was sufficient evidence for the juvenile court, as fact-finder, to find, beyond a reasonable doubt, that Appellant recklessly caused bodily injury to Officer Menges.[11] Consequently, Appellant's sufficiency claim is without merit.

In his second issue, Appellant raises a sufficiency claim as to the delinquent act of harassment in which Appellant contends the Commonwealth failed to establish that he had physical contact with Officer Menges with the intent to harass, annoy, or alarm him. Appellant's Brief at 15-18.

Preliminarily, we must first address whether the juvenile court adjudicated Appellant delinquent of harassment. In order to adjudicate a juvenile delinquent of an act that would be considered a crime if committed by an adult, the juvenile court must enter a finding on the record that the juvenile committed the specific delinquent act and then determine whether the juvenile is in need of treatment, supervision, or rehabilitation for the specific delinquent act. *Commonwealth v. M.W.*, 39 A.3d 958, 963-965 (Pa. 2012). The finding that the juvenile is in need of treatment, supervision, or rehabilitation for the specific delinquent act is "a separate and distinct

---

[11] To the extent Appellant raises a claim that the evidence was insufficient to prove he attempted to cause bodily injury to Officer Menges, the evidence is sufficient to prove Appellant recklessly caused bodily injury to the officer. Therefore, Appellant's issue, as it relates to attempting to cause bodily injury, is moot.

finding from whether the [juvenile] committed the [delinquent act] alleged." *Id.* at 965. "A determination that a [juvenile] has committed a delinquent act does not, on its own, warrant an adjudication of delinquency." *Id.* at 966 (footnote omitted).

Here, the October 15, 2019 dispositional order states that Appellant "is in need of treatment, supervision or rehabilitation" and "is adjudicated delinquent" without specifying the delinquent act or acts to which these two findings apply. Juvenile Court Dispositional Order, 10/15/19 (extraneous capitalization omitted). At the dispositional hearing, the juvenile court stated, "[Appellant] shall []be adjudicated on a previous charge of simple assault, the [juvenile c]ourt finding he is also in need of treatment, rehabilitation, and supervision **on that charge**." N.T., 10/15/19, at 4 (emphasis added). Based upon the record before us, we find the juvenile court adjudicated Appellant delinquent only on the charge of simple assault because the juvenile court found Appellant committed the delinquent act of simple assault and determined that Appellant was in need of treatment, rehabilitation, and supervision for simple assault. Therefore, the disposition imposed, namely community service or payment of a fine, was for Appellant's adjudication of delinquency on the delinquent act of simple assault exclusively.

Consequently, we find Appellant's sufficiency claim with regard to the delinquent act of harassment moot.[12]

      Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/2/2020

_____

[12] In as much as the juvenile court found Appellant committed the delinquent act of harassment, we find insufficient evidence to support the juvenile court's conclusion that "[t]he actions of [Appellant] were done in blatant disregard of the officer's warnings and were committed to certainly annoy Officer Menges." Juvenile Court Opinion, 1/23/20, at 8-9. "A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person: (1) strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same[.]" 18 Pa.C.S.A. § 2709(a)(1). The intent to harass, annoy, or alarm another person, necessary for a conviction of harassment, is unique and not the same type of intent required for simple assault. *Commonwealth v. Townley*, 722 A.2d 1098, 1099 (Pa. Super. 1998). Although we do not condone Appellant's actions toward Officer Menges, we find no record support that Appellant's single act of disobeying Officer Menges's command and attempting to ride his bicycle on North 12th Street amounted to an intent to annoy Officer Menges. The Commonwealth presented no evidence of a pattern of conduct that attempted to invoke a response from Officer Menges or was intended to annoy or taunt the officer. Rather, Officer Menges described his encounter with Appellant, prior to Appellant shoving the officer, as "polite conversation." N.T., 9/24/19, at 15.