J-S06042-17

2017 PA Super 204

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ADDIE  WILLIAMS | |
| Appellant | No. 778 EDA 2016 |

Appeal from the Judgment of Sentence January 7, 2016
in the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0002246-2014

BEFORE: MOULTON, RANSOM, and FITZGERALD,[*] JJ.

OPINION BY FITZGERALD, J.:                                **FILED JUNE 30, 2017**

Appellant, Addie Williams, appeals from her judgment of sentence of guilt without further penalty on her conviction for harassment.[1]  We conclude that the Commonwealth's violation of Appellant's rights under Pa.R.Crim.P. 544 and 564 requires us to reverse her conviction and direct the trial court to dismiss the harassment charge with prejudice.

In the early morning hours of February 5, 2014, Appellant was arrested after her daughter called the police and alleged that Appellant locked her and her brothers out of their house.  Appellant's daughter informed a police officer at the scene that Appellant had hit her in the mouth at some point one day earlier.  Appellant was charged with multiple counts

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2709(a)(1).

of endangering the welfare of children, one count of simple assault and one count of harassment.

On February 18, 2014, Appellant posted bail and was released from jail. On March 24, 2014, all charges except for simple assault were dismissed at Appellant's preliminary hearing. The Commonwealth thereupon filed an information charging her only with simple assault.[2]

On January 7, 2016, the matter proceeded to trial. At the beginning of trial, the Commonwealth orally moved to amend the information to include the previously dismissed charge of harassment. The Commonwealth claimed that this amendment was proper on the ground that harassment is a lesser included offense of simple assault. N.T., 1/7/16, at 9-10. Defense counsel responded:

> I am going to object to [the] bill of information being amended in any way at this point. I think there is a process that has to be gone through by the District Attorney in order to do that. That hasn't been done in this case. I think a petition has to be filed. In any event, I am looking at [Rule 564] right now. [The information] can be amended if there is a defect in form, the description of the offenses, description of any person or property, date charged, as long as they will not charge different offense[s]. We have gotten no notice that the bill of information was going to be amended. There is nothing in writing. I think there is a process that the District Attorney is trying to circumvent here.

*Id.* at 10-11.

---

[2] 18 Pa.C.S. § 2701(a)(1).

The trial court suggested that Appellant had received notice of the harassment charge because the Commonwealth had offered to permit her to plead guilty to harassment without further penalty. *Id.* at 11. The court also observed, however, that "generally there has to be a defect in form, which, by the way, I didn't hear any defect in form, description of the offenses, description of any person or property." *Id.* at 12. The court concluded that defense counsel raised an "interesting argument," and that the court would "figure it out." *Id.* at 13.

At the close of evidence, defense counsel, in the words of the trial court, "tailored [his] closing argument to the simple assault charge." Trial Ct. Op., 5/16/16, at 13. Defense counsel argued that Appellant slapped her daughter during a quarrel, and that Appellant's daughter lied to the police that the slap caused a cut on the side of her mouth. N.T., 1/7/16, at 114. Counsel contended that slight cuts or bruises were insufficient to establish simple assault.[3] *Id.* The Commonwealth countered that Appellant was guilty of simple assault or, in the alternative, harassment. The court found Appellant not guilty of simple assault, but it granted the Commonwealth's

---

[3] Earlier in the case, defense counsel cited **Commonwealth v. Kirkwood**, 520 A.2d 451 (Pa. Super. 1987), for this proposition. **See id.** at 275 (evidence that defendant's uninvited attention and violent dancing, according to victim, caused bruises and slight cuts on her arms, and that her right knee and arms hurt as a result of manner in which defendant swung her during dance, was insufficient to establish "physical impairment" or "substantial pain" elements of simple assault).

motion to add harassment to the information and subsequently found Appellant guilty of harassment.

Appellant filed timely post-sentence motions, which the court denied, and a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises two issues in this appeal:

> I. Whether the charge of harassment should be dismissed due to a variance between the indictment and the crime of conviction failing to meet the requirements of Rule of [C]riminal [P]rocedure 564 and because the trial court committed a procedural error in rendering the verdict where summary harassment was dismissed at the preliminary hearing and never reinstated and is not a lesser included offense of simple assault.
>
> II. Whether the evidence presented by the Commonwealth was sufficient to support a conviction for summary harassment.

Appellant's Brief at 7.

In her first argument, Appellant maintains that the charge of harassment should be dismissed due to the Commonwealth's violations of Pa.R.Crim.P. 544 and 564. The Commonwealth "concedes, with the benefit of hindsight, that the procedure below did not comply with [Rule] 544." Commonwealth's Brief at 6. We agree with Appellant that dismissal is the proper remedy.

The Commonwealth clearly violated Pa.R.Crim.P. 544(A), which provides: "When charges are dismissed or withdrawn at . . . a preliminary hearing . . . the attorney for the Commonwealth may reinstitute the charges

by approving, in writing, the re-filing of a complaint with the issuing authority who dismissed . . . the charges." Pa.R.Crim.P. 544(A). In this case, the harassment charge was dismissed at Appellant's preliminary hearing, but the Commonwealth failed to "approve, in writing, the re-filing of a complaint [alleging harassment] with the issuing authority who dismissed . . . [this charge]." *Id.* The Commonwealth also violated Rule 544(B), which requires that the defendant receive another preliminary hearing on the reinstituted charge before the same issuing authority, or, if need be, before a different issuing authority. *See* Pa.R.Crim.P. 544(B). Here, the Commonwealth orally requested that the trial court—not the issuing authority—grant the Commonwealth leave to amend its information to add the harassment charge back into the case. The court delayed until the conclusion of trial before granting the Commonwealth's motion, thus depriving Appellant of her right to a new preliminary hearing on the harassment charge and preventing defense counsel from preparing any defense to this charge.

In addition, the Commonwealth violated Pa.R.Crim.P. 564, which presently provides:

> The court may allow an information to be amended when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment, the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

- 5 -

Pa.R.Crim.P. 564.[4] When the trial court exercises its discretionary power to allow amendment of the information, the defendant can obtain relief if the amendment prejudices him. ***See Commonwealth v. Mentzer***, 18 A.3d 1200, 1203 (Pa. Super. 2011) (citation omitted). Factors for a court to consider in determining the existence of prejudice include:

> (1) whether the amendment changes the factual scenario supporting the charges; (2) whether the amendment adds new facts previously unknown to the defendant; (3) whether the entire factual scenario was developed during a preliminary hearing; (4) whether the description of the charges changed with the amendment; (5) whether a change in defense strategy was necessitated by the amendment; and (6) whether the timing of the Commonwealth's request for amendment allowed for ample notice and preparation.

***Id.*** (citation omitted).

In this case, the Commonwealth waited until the beginning of trial before moving to amend the information to add a charge of harassment.

---

[4] This version of Rule 564 is effective until December 21, 2017, when an amended version of Rule 564 takes effect. The amended version provides:

> The court may allow an information to be amended, provided that the information as amended does not charge offenses arising from a different set of events and that the amended charges are not so materially different from the original charge that the defendant would be unfairly prejudiced. Upon amendment, the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

***Id.*** Our Supreme Court amended Rule 564 "to more accurately reflect the interpretation of this rule that has developed since it first was adopted in 1974." Pa.R.Crim.P. 564, cmt.

The court took the motion under advisement and did not make its ruling until **after** the close of evidence and **after** defense counsel had already given his closing argument tailored to the only charge in the information at that time—simple assault.

Further, harassment is clearly a "different offense" than simple assault. *See* Pa.R.Crim.P. 564. We have observed:

> To establish harassment, there must be proof the accused acted with an intent to harass, annoy, or alarm the other person. This unique element of intent is not required for simple assault. To prove simple assault, an intentional or reckless effort to cause bodily injury must be shown. Bodily injury is not a part of harassment. These crimes have distinct mental elements, and distinct types of harm are addressed.

*Commonwealth v. Townley*, 722 A.2d 1098, 1099 (Pa. Super. 1998). Thus, the Commonwealth's failure here to request an amendment to the information until the beginning of trial, and the court's failure to rule on this motion until the end of trial, deprived defense counsel of any realistic opportunity to prepare or present a defense to this new and different charge during trial.

The Commonwealth injected a new charge into this case at the eleventh hour in clear disregard for rules whose purpose is to give the defendant a fair opportunity to prepare and present her defense. We hold that the trial court abused its discretion in permitting the Commonwealth to amend its information to add the harassment charge.

The Commonwealth argues that Appellant cannot obtain relief because of mootness. In the context of post-conviction proceedings or direct appeals challenging the legality of sentence, Pennsylvania courts have found criminal cases moot when the defendant has completed her sentence and does not suffer from any collateral civil or criminal consequence of her conviction. *See Commonwealth v. Rohde*, 402 A.2d 1025, 1027 (Pa. 1979); *Commonwealth v. Doria*, 364 A.2d 322, 324 (Pa. 1976); *Commonwealth v. Sheehan*, 285 A.2d 465, 469 (Pa. 1971); *Commonwealth v. Schmohl*, 975 A.2d 1144, 1149 (Pa. Super. 2009) (defendant's appeal not moot based on "reasonable assumption" that he remains on parole from his conviction); *Commonwealth v. King*, 786 A.2d 993, 996-97 (Pa. Super. 2001); *Commonwealth v. Kelly*, 418 A.2d 387, 388 (Pa. Super. 1980).

Even when a claim becomes moot, however, we may still reach its merits if the issue is "capable of repetition yet likely to evade review." *Pub. Defender's Office of Venango Cty. v. Venango Cty. Court of Common Pleas*, 893 A.2d 1275, 1276, 1279 (Pa. 2006) (citation omitted) (public defender challenged order compelling him to serve as standby counsel for *pro se* criminal defendant who previously had been denied public defender representation because his annual income exceeded the financial guidelines; although matter was moot because defendant had already gone to trial, Supreme Court proceeded to merits because issue was capable of repetition yet evading review).

Arguably, the present case is moot, because the court found Appellant guilty without further penalty, and she has not claimed to have suffered any collateral consequences from this conviction. Nevertheless, we reach the merits of this case because its circumstances are capable of repetition yet evading review. Specifically, in future cases, the Commonwealth could attempt to rescue prosecutions by adding new charges during or immediately before trial. It is unjust to expose defendants to the stigma of a criminal record by circumventing the Rules of Criminal Procedure in this fashion.[5]

Judgment of sentence reversed. Case remanded with instructions to dismiss harassment charge with prejudice. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2017

---

[5] Our decision in Appellant's favor on her first argument makes it unnecessary for us to review her second argument, a challenge to the sufficiency of the evidence underlying her harassment conviction.