J-A04005-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FAREED BAYLOR | |
| Appellant | No. 804 EDA 2020 |

Appeal from the PCRA Order entered February 20, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0803201-2006

BEFORE:  STABILE, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED:  APRIL 9, 2021**

Appellant, Fareed Baylor, *pro se* appeals from the February 20, 2020 order of the Court of Common Pleas of Philadelphia County, which dismissed as untimely his second petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The underlying procedural history can be summarized as follows.  On July 6, 2006, Appellant and co-defendant Joshua Henry robbed at gun point victims Carnell Wilder and Yasir Zarif-El.  At a preliminary hearing held before the Philadelphia Municipal Court, Zarif-El failed to appear. Nonetheless, based on the testimony of Wilder, the Commonwealth asked the Municipal Court to hold Appellant for trial on two robbery charges,

_____

[*] Retired Senior Judge assigned to the Superior Court.

among others. The Municipal Court rejected the Commonwealth's request and dismissed the charge for the robbery of Zarif-El. "The Commonwealth never re-arrested [Appellant] on that charge. Nor did it seek review of the preliminary hearing court's decision by refiling that charge in [the] Common Pleas Court. It nevertheless generated a bill of information charging Appellant with the robbery of victim Zarif-El." Commonwealth's Brief at 5.

Thereafter, without objection from trial counsel, the Commonwealth tried Appellant for all charges, including the robbery offense that had been dismissed at the preliminary hearing.[1] On June 13, 2007, a jury convicted

---

[1] The Commonwealth also noted the following:

> At the commencement of [Appellant]'s trial, counsel for codefendant Joshua Henry moved to quash the robbery bill relating to victim Zarif-El. Codefendant's counsel stated his objection as follows:
>
> > So I think if the Commonwealth – the burden when that happens is to either rearrest and have another hearing before a Common Pleas judge on those particular charges. But the preliminary hearing was held, and the judge found that was not sufficient as a matter of law at a preponderance level to hold it on the robbery, the second robbery.
>
> In response to codefendant's motion, Judge Wogan *sua sponte* "reversed" the preliminary court's decision and permitted the Commonwealth to move forward with the additional robbery charge:
>
> > I'm reversing [the Municipal Court judge] for his error and the robbery charge survives and the

*(Footnote Continued Next Page)*

Appellant of conspiracy, two counts of robbery (felony in the first degree for both victims), and two violations of the Uniform Firearms Act. On August 6, 2007, Appellant was sentenced to two consecutive terms of 70 to 156 months' incarceration for each robbery, a consecutive term of 54 months to 120 months' incarceration for criminal conspiracy, and a consecutive term of 36 months' probation for the Uniform Firearms Act violations.

On direct appeal, Appellant raised eight issues. However, he did not challenge the Zarif-El robbery conviction on the ground that the underlying charge had been dismissed and never refiled. We affirmed the judgment of sentence on May 17, 2010. *See Commonwealth v. Baylor*, No. 2351 EDA 2007 (Pa. Super. May 17, 2010) (unpublished memorandum). Appellant did not seek to appeal to the Supreme Court.

On June 16, 2011, Appellant filed a timely PCRA petition. Appellant's counseled PCRA petition did not include a claim that trial counsel was ineffective for failing to object to the trial court's order permitting the Commonwealth to proceed on Zarif-El robbery charge. The PCRA court denied relief on November 16, 2012. On April 28, 2014, we affirmed the

*(Footnote Continued)* ——————————

> Commonwealth is permitted to proceed on both robbery counts.

At no point did counsel for [Appellant] join in co-counsel's motion.

Commonwealth's Brief at 5-6 (citations to the record omitted).

- 3 -

PCRA court's denial of Appellant first PCRA petition. *See Commonwealth v. Baylor*, No. 3479 EDA 2012 (Pa. Super., April 28, 2014) (unpublished memorandum). Appellant did not seek review in the Supreme Court.

In his most recent petition, filed on July 22, 2014 and amended on August 30, 2017, Appellant asserted that, despite the apparent untimeliness of his second PCRA petition, he met one or more of the exceptions to the one-year timeliness bar. Specifically, Appellant averred that the Superior Court's decision in *Commonwealth v. Williams*, 166 A.3d 460 (Pa. Super. 2017)[2] qualified as a newly-discovered fact[3] and/or a new constitutional right.[4]

---

[2] In *Williams* we held that the trial court abused its discretion in permitting the Commonwealth to amend the information to add a new charge where "[t]he Commonwealth injected [the] new charge into this case at the eleventh hour in clear disregard for rules whose purpose is to give the defendant a fair opportunity to prepare and present her defense." *Williams*, 166 A.3d at 464.

[3] The newly-discovered fact exception, set forth for in 42 Pa.C.S.A. § 9545(b)(1)(ii), requires a petitioner to plead and prove two components: 1) the facts upon which the claim was predicated were unknown, and (2) these unknown facts could not have been ascertained by the exercise of due diligence. *See Commonwealth v. Burton*, 158 A.3d 618, 638 (Pa. 2017).

[4] Our Supreme Court has set forth a two-part test to determine the applicability of 42 Pa.C.S.A. § 9545(b)(1)(iii) to a new decision:

> Subsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this [C]ourt after the time provided in this section. Second, it

*(Footnote Continued Next Page)*

- 4 -

On February 20, 2020, the PCRA court dismissed the instant petition as untimely. This timely appeal followed. The court did not order a Rule 1925(b) statement but issued an opinion, explaining the reasons for dismissing Appellant's petition, *i.e.*, Appellant's petition was untimely and failed to establish an exception to the timeliness requirements of the PCRA. PCRA Court Opinion, 3/12/20, at 1.

In this appeal, Appellant asks us to consider three issues. He first alleges that the PCRA court erred in not granting his PCRA petition on the ineffective assistance of counsel grounds. Next, Appellant claims that the PCRA court erred in not finding merit to his merger claim. Finally, Appellant alleges that the PCRA court erred in finding his claims waived, given that they involve the legality of his sentence and legality of sentence is not a waivable claim. Nowhere did Appellant discuss the timeliness of the instant appeal in his appellate brief.

*(Footnote Continued)* ———————————

provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

***Commonwealth v. Abdul–Salaam***, 812 A.2d 497, 501 (2002).

Before we may consider the merits of these contentions, we must determine whether this Court has jurisdiction to entertain the merits of Appellant's issues. As our Supreme Court recently reiterated, "[I]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Reid*, 235 A.3d 1124, 1143 (Pa. 2020) (citation omitted).

As noted, Appellant alleges that the instant PCRA petition is timely under *Williams*. According to Appellant, *Williams* constitutes a newly-discovered fact exception and/or creates a new constitutional right exception to the timeliness rule. We disagree.

First, it is well established that a judicial opinion does not qualify as a previously unknown "fact" capable of triggering the newly-discovered fact exception under the PCRA. *Commonwealth v. Watts*, 23 A.3d 980, 986-987 (Pa. 2011). "[J]udicial determinations are not facts." *Id.* at 986. Second, even if we were to assume that *Williams* asserted a new right, it does not satisfy the requirement of 42 Pa.C.S.A. § 9545(b)(1)(iii) as a right "recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in [Section 9545] and has been held by that court to apply retroactively." Finally, the timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. *See Commonwealth v.*

*Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto") (citation omitted).

Because Appellant failed to prove that the instant PCRA petition is timely, we are unable to entertain its merit. Accordingly, we conclude that the PCRA court did not err in dismissing Appellant's instant PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/9/21