J-S06008-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LUIS SERRANO, | : | |
| | : | |
| Appellant | : | No. 705 EDA 2020 |

Appeal from the Judgment of Sentence Entered October 3, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006365-2014

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LUIS SERRANO, | : | |
| | : | |
| Appellant | : | No. 706 EDA 2020 |

Appeal from the Judgment of Sentence Entered October 3, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006366-2014

BEFORE:   PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED APRIL 21, 2021**

Luis Serrano appeals from his October 3, 2018 judgment of sentence for, *inter alia*, conspiracy to commit murder. Appellant first alleges that the trial court improperly permitted the Commonwealth to amend the bills of information to include a conspiracy and an attempted murder charge following

---

[*] Retired Senior Judge assigned to the Superior Court.

the reconvening of the indicting grand jury. He also claims the evidence was insufficient to sustain the conspiracy conviction. Based in large part on the opinion of the trial court, we affirm.

Our review of the record supports the trial court's summary of the evidence presented at trial. Nilzon Feliciano Sr. testified that he paid Appellant $400 to install a transmission in his car. Feliciano subsequently came to believe the transmission was faulty, and sought a refund for his $400 payment. This dispute festered for several months, culminating in the incident that forms the basis of the charges against Appellant.

On February 5, 2014, Nilzon and his son were on the block of Appellant's home when they saw Appellant outside and demanded a refund. Appellant responded by retrieving a firearm from his home and telling the Felicianos that he was not going to pay them, so they should leave or he would kill them. The Felicianos decided to leave, but quickly changed their mind.

As they walked back towards Appellant's home a few minutes later, they saw Appellant's co-defendant and purported son-in-law, Emmanuel Sanchez, standing on Appellant's front porch brandishing an AK-47 rifle. The Felicianos indicated that they simply wanted their money back. Sanchez responded by firing the AK-47 at them. The Felicianos ran, and managed to escape without being struck by any bullets. *See* Trial Court Opinion, 3/6/20, at 4-5.

The Felicianos called the police. They were able to make a positive identification of Sanchez at his house later that same day, and Sanchez was

arrested. Nilzon subsequently identified Appellant from a photo array. Appellant absconded but was eventually arrested on charges of firearm violations, possession of an instrument of crime ("PIC"), terroristic threats, simple assault and reckless endangerment of a person.

The Commonwealth sought and obtained indictments against Appellant for those charges *via* an indicting grand jury on May 8, 2014. The Commonwealth then filed an information charging Appellant with those crimes. A joint trial for Appellant and Sanchez was scheduled for February 17, 2015.

On January 10, 2015, Appellant filed a motion to sever his trial from Sanchez's. In response, the Commonwealth filed a motion to consolidate, which the trial court ultimately granted. The Commonwealth also filed a motion to amend the bills of information against Appellant under Pa.R.Crim.P. 564, seeking to add the charges of attempted murder and conspiracy to commit murder. The trial court denied the motion to amend the bills of information,[1] but further discussed the amendment at a hearing on February 9, 2015. At that hearing, the Commonwealth explained:

> The charges at the initial [indicting grand jury] were not amended. [Appellant] was indicted on the charges as they were. After the case came together it was decided by the office that both

---

[1] The trial court's opinion does not state the reasons for the court's denial of the motion. The docket reflects that the motion was denied on January 30, 2015, but there are no notes of testimony from any hearing held on that date in the certified record nor is there an order explaining the reasons for the denial in the certified record.

> [Appellant and Sanchez] should have been charged with the attempted murder charge.

N.T. Hearing, 2/9/15, at 4.

The trial court responded that it was not aware of any authority that prohibited the Commonwealth from "re-presenting to the grand jury" and "having [a] superceding indictment" for the attempted murder and conspiracy charges. *Id*. at 8. Therefore, the trial court continued the matter to give the Commonwealth time to reconvene the indicting grand jury in an effort to secure indictments against Appellant on charges of conspiracy and attempted murder. It also rescheduled the trial date for May 4, 2015.

The grand jury reconvened on February 17, 2015 and indicted Appellant on the charges of conspiracy and attempted murder. The Commonwealth filed an information which added those indictments to the charges filed against Appellant.

Appellant challenged the new indictments through both a Pa.R.Crim.P. 600 motion as well as a motion to quash. Following a hearing, the trial court denied both of the motions.

The matter proceeded to a joint trial before a jury on May 4, 2015. The jury found Appellant guilty of possession of a firearm as a prohibited person, carrying a firearm without a license, carrying a firearm in public in Philadelphia, PIC and conspiracy to commit murder. It found Appellant not

guilty of attempted murder.[2] The trial court sentenced Appellant to an aggregate term of four and one-half to nine years' imprisonment. After having his direct appeal rights reinstated *nunc pro tunc*, Appellant filed a timely notice of appeal. He presents two issues for our review:

I. Did the lower court err in permitting the Commonwealth to add bills of information charging attempted murder and conspiracy over one year after the initial grand jury proceeding, when the Commonwealth made a conscious decision at the initial grand jury proceeding not to proceed on a charge of conspiracy and the Commonwealth's motion to amend the original bills of information had been denied?

II. Was the evidence adduced at trial insufficient to establish the charge of conspiracy when the evidence showed no communication or other indicia of concerted action between [Appellant] and [Sanchez]?

Appellant's Brief at 3.

In his first issue, Appellant essentially asserts that the trial court erred in permitting the Commonwealth to amend the bills of information to add charges of attempted murder and conspiracy by reconvening and then securing indictments on those charges from the grand jury. Appellant acknowledges in his argument section that the determination of whether to allow the addition of new charges to a bill of information is guided by the standard under Pa.R.Crim.P. 564. **See** Appellant's Brief at 11. He appears to

---

[2] The charges of simple assault, terroristic threats and reckless endangerment of a person were *nolle prossed*.

allege, however, that the trial court misapplied that standard to the circumstances of his case. This claim merits no relief.

Appellant does not cite to the text of Rule 564. At the time the Commonwealth sought to add the charges of attempted murder and conspiracy to the bills of information in 2015, Rule 564 provided:

> The court may allow an information to be amended when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment the court may grant such postponement of trial or other relief as necessary in the interests of justice.

*Commonwealth v. Bricker*, 882 A.2d 1008, 1019 (Pa. Super. 2005) (quoting the version of Pa.R.Crim.P. 564 then in effect).

In applying this Rule, however, our Court noted that case law had set "forth a broader test for [the] propriety of amendments than the plain language of the rule suggests." *Commonwealth v. Grekis*, 601 A.2d 1284, 1289 (Pa. Super. 1992) (citation omitted) (discussing Pa.R.Crim.P. 229, which was renumbered as Pa.R.Crim.P. 564 in 2000). That broad test, we found, was informed by the purpose of Rule 564 to ensure that a defendant is "fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed." *Bricker*, 882 A.2d at 1019 (citation omitted). As such, the test to be used for determining the propriety of the amendments to an information was articulated as:

> Whether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted.

*Id*.

Rule 564 was amended in 2016 to reflect this test. The current language

of Rule 564 provides:

> The court may allow an information to be amended, provided that the information as amended does not charge offenses arising from a different set of events and that the amended charges are not so materially different from the original charge that the defendant would be unfairly prejudiced. Upon amendment, the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

Pa.R.Crim. P. 564, as amended December 21, 2016 (effective December 21,

2017). *See also* Pa.R.Crim.P. 564, Comment (explaining that Rule 564 was

amended to more accurately reflect the interpretation of this Rule that had

developed in case law).

Here, the trial court stated that it had found Rule 564 to be instructive

in permitting the Commonwealth to reconvene the indicting grand jury and

seek indictments for the additional charges of attempted murder and

conspiracy. *See* Trial Court Opinion, 3/6/20, at 14. It explained that:

> [B]oth [Rule 564] and case law provide for the liberal amending of bills of information when the new charges are not 'materially different' from the original charge(s); do not stem from a 'different

series of events;' and where no prejudice would result. This Court therefore determined that when presented with a request to amend charges brought about by indictments, our Pennsylvania appellate courts would similarly permit the liberal amending of indictments. Therefore, although denying the Commonwealth's Motion to Amend the Bills of Information, this Court did permit the Commonwealth to reconvene the [indicting grand jury] and re-present their evidence and seek indictments for those additional charges. In doing so, this Court determined that the new indictments sought[:] (1) would not be 'materially different' from the original indictments[;] (2) stemmed entirely from the identical series of events as had been initially presented to the [indicting grand jury]; and that (3) no unfair prejudice to [Appellant] would result.

Although the Commonwealth did not initially seek indictments for [A]ppellant's involvement with [ ] Sanchez, both of the supplemental indictments for conspiracy and attempted murder stemmed from the same series of events, namely [A]ppellant's threat to kill the complainants if they did not leave his front porch area of his residence and [Sanchez's] eventual carrying out of that threat by firing his AK-47 at the complainants when they did in fact return. Further, these indictments were not materially different from those initially presented to the [indicting grand jury] in that all charges involved the threat to kill the complainants while either brandishing a firearm (by [A]ppellant) or by subsequent firing of a firearm upon the complainants (by [Sanchez]).

Finally, this Court, by continuing [A]ppellant's trial for several months, made certain that [A]ppellant would not be unfairly prejudiced since he would have sufficient time to prepare for trial once the new indictments were presented and possibly obtained from the [indicting grand jury on February 17, 2015]. Trial was then rescheduled to begin on May 4, 2015.

\* \* \*

[T]his Court properly ruled that this Court was without legal justification to preclude the Commonwealth from reconvening the Indicting Grand Jury and seeking indictments. The Commonwealth's decision, properly permitted by this Court, to consolidate [A]ppellant's case with that of [Sanchez], resulted in the need to seek further indictments against [A]ppellant prior to

- 8 -

the commencement of trial. Further, this Court took appropriate measures to safeguard against any resulting prejudice by rescheduling the trial date so as to provide [A]ppellant with ample time to prepare given these new charges. Therefore, Appellant's claim of error in this regard is without merit.

*Id.* at 15 (citation to notes of testimony omitted).

We see no error in the trial court's analysis or in its conclusion. Appellant, however, attacks the trial court's findings with several boilerplate allegations. First, he maintains in his "question presented" that the trial court improperly permitted the Commonwealth to amend the information to include a charge of conspiracy when the "Commonwealth made a conscious decision in the original grand jury proceeding not to proceed on a charge of conspiracy." Appellant's Brief at 3. However, Appellant does not even mention, much less discuss, this contention in the argument section of his brief and it is waived for that reason alone. ***See Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived); Pa.R.A.P. 2119(a) (stating that the argument section of the brief "shall have at the head of each part" of the argument "the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent").

Appellant also baldly alleges that it was improper for the trial court to permit the Commonwealth to circumvent the court's ruling denying the

Commonwealth's motion to amend the bills of information by reconvening the indicting grand jury. However, Appellant does not in any way explain how this was improper, cite to any authority to support his contention, or develop the assertion in any meaningful way. Therefore, it is also waived. **See Johnson**, 985 A.2d at 924.

Lastly, Appellant essentially claims that the trial court should not have allowed the Commonwealth to add the conspiracy and attempted murder charges to the bills of information because doing so prejudiced him. To that end, he asserts the added charges "arose from a different set of events, i.e. the second incident involving Sanchez, and contained elements materially different from those charged in the original information." Appellant's Brief at 12. He does not, however, in any way flesh out this assertion.[3] Instead, he alleges this case is "controlled by" this Court's decisions in **Bricker** and **Commonwealth v. Williams,** 166 A.3d 460 (Pa. Super. 2017). Appellant's Brief at 12. He then offers a very brief summary of those cases, without applying either of them to his situation.

In any event, as the Commonwealth points out, both **Bricker** and **Williams** are readily distinguishable from this case. **Bricker** involved a mid-

---

[3] It is arguable this claim is waived not only for a failure to properly develop it, but also because it is not fairly encompassed by Appellant's statement of the question involved. **See Johnson**, 985 A.2d at 924; Pa. R.A.P. 2116(a) (stating that "no question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby"). Nonetheless, as discussed below, the clam lacks merit.

trial amendment to the bills of information which resulted in the appellant not "hav[ing] knowledge of the alleged criminal conduct prior to trial." ***Bricker,*** 882 A.2d at 1020-1021. Similarly, in ***Williams***, the Commonwealth did not move to amend the information until the beginning of trial and the court did not rule on the motion until the end of the trial, at which point the court granted the motion to amend. ***See Williams***, 166 A.3d at 464.

Unlike both ***Bricker*** and ***Williams***, the addition of the attempted murder and conspiracy charges here took place months prior to trial. As the Commonwealth observes, the indictments were added by the reconvening grand jury which necessarily occurred prior to trial. ***See*** Commonwealth's Brief at 9, 11. Accordingly, as the trial court explained, Appellant had "sufficient time to prepare for trial once the new indictments," which "were not materially different from those initially presented to the [indicting grand jury]," were added. Trial Court Opinion, 3/6/20, at 15. The trial court therefore concluded that Appellant had not suffered unfair prejudice by the addition of the new charges. Appellant has simply not shown how ***Bricker*** or ***Williams*** compels a contrary conclusion or that he is entitled to any relief on the basis of this claim.

In his second claim, Appellant argues that the evidence was insufficient to support the conspiracy charge. This claim also fails.

Evidence presented at trial is sufficient when, viewed in the light most favorable to the Commonwealth as the verdict winner, the evidence and all

reasonable inferences derived from the evidence are sufficient to establish all elements of the offense beyond a reasonable doubt. *See Commonwealth v. Blakeney*, 946 A.2d 645, 651 (Pa. 2008). The Commonwealth may sustain its burden entirely by circumstantial evidence and the fact-finder, which passes upon the weight and credibility of each witness's testimony, is free to believe all, part, or none of the evidence. *See Commonwealth v. Ramtahal*, 33 A.3d 602, 607 (Pa. 2011).

To sustain a conviction for criminal conspiracy, the Commonwealth must prove that the defendant: (1) entered into an agreement to commit or aid in an unlawful act with another person; (2) with a shared criminal intent; and (3) an overt act was done in furtherance of the conspiracy. *See Commonwealth v. Hennigan*, 753 A.2d 245, 253 (Pa. Super. 2000). The overt act need not be committed by the defendant but rather, only needs to be committed by one of the co-conspirators. *See id*. "Given the surreptitious nature of conspiracy, the existence of a formal agreement is often proven circumstantially, such as by the relations, conduct or circumstances of the parties." *Commonwealth v. Jacobs*, 39 A.3d 977, 985 (Pa. 2012) (citation omitted).

Here, we agree with the trial court that the evidence, when viewed in the light most favorable to the Commonwealth, was sufficient for the jury to find that the Commonwealth had met its burden of proving that Appellant was guilty of criminal conspiracy. As explained by the trial court:

Based on [the Felicianos'] testimony, [A]ppellant and [ ] Sanchez were seen standing together on the very porch where [A]ppellant had only moments earlier threatened to kill them with a gun that he brandished if they did not 'get out.' When [the Felicianos] returned moments later, again asking for the return of Nilzon's money, [ ] Sanchez opened fire on them with an AK-47. Certainly, this evidence supported the Commonwealth's contention that [A]ppellant and [ ] Sanchez conspired to attack [the Felicianos] if and/or when they returned.

Trial Court Opinion, 3/6/20, at 19.

Appellant takes issue with the court's conclusion on the basis that neither Feliciano described any verbal or non-verbal interaction between him and Sanchez or any other evidence indicating that he and Sanchez agreed to act in concert. He contends that the evidence "merely established [Appellant's] presence at the scene and his mere association with Sanchez." Appellant's Brief at 14. These assertions have no merit.

As noted above, the Commonwealth may prove conspiracy by circumstantial evidence alone and need not produce direct evidence of an agreement between conspirators in order to establish criminal conspiracy. *See Jacobs*, 39 A.3d at 985. The record here supports the trial court's conclusion that the Commonwealth produced sufficient circumstantial evidence for the jury to infer that Appellant and Sanchez conspired to attack the Felicianos. That evidence showed that Nilzon confronted Appellant while he was standing on his porch, and that Appellant retrieved a gun and threatened to kill Nilzon and his son if they did not leave. Minutes later, the Felicianos returned to the area. Sanchez, who had a relationship with Appellant that was akin to a son-

in-law, was standing on Appellant's porch with Appellant while holding an AK-47 rifle, which he then fired at the Felicianos. Contrary to Appellant's claim, we agree with the trial court that this evidence was sufficient for the jury to conclude that Appellant and Sanchez had conspired to shoot the Felicianos. *See Commonwealth v. Poland*, 26 A.3d 518, 523 (Pa. Super. 2011) (finding evidence was sufficient to support conspiracy conviction where "actors' relationships and their conduct before, during and after the criminal episode established a unity of criminal purpose") (citation omitted).

Judgment of sentence affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 4/21/2021*